**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.   1:19-cv-80

MICHAEL LANTZ,

      Plaintiff,

v.

G&S SALES & PAWN, LLC, and
SHARON MARQUARDT,

      Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Michael Lantz, by his attorney Sarah J. Parady of Lowrey Parady, LLC, files this Complaint and Demand for Jury Trial against Defendants G&S Sales & Pawn, LLC and Sharon Marquardt and complains as follows:

**INTRODUCTION**

1. In the early 2000s, Michael Lantz began working at G&S Sales and Pawn, LLC ("G&S") as a clerk who assisted the owner, Sharon Marquardt, with cleaning, sales, pawns, and other tasks. Mr. Lantz left his position with G&S in about October 2012, but was re-employed beginning in about August or September 2013 until his ultimate termination on or about May 16, 2018. Throughout his employment, G&S and Marquardt paid Mr. Lantz very little for his work, falling far short of paying him even minimum wage despite his repeated requests for a paycheck. Mr. Lantz has an organic brain disorder and is unable to read or write, and G&S and Marquardt were aware of Mr. Lantz's resultant limitations and intentionally took advantage of them to compel him to

1

work for meager pay, thereby discriminating against him based on his disability. Defendants ultimately terminated Mr. Lantz after he repeatedly requested to be paid a sufficient amount and asked Defendant Marquardt to follow certain systems around the shop and assist him with reading pawn tags due to his disability. Mr. Lantz brings claims of violation of the Fair Labor Standards Act and Colorado Wage Claim Act and for quantum meruit, and will amend his Complaint at the proper time to add claims under the Colorado Anti-Discrimination Act.

## **PARTIES**

2. Plaintiff Michael Lantz is, and was at all times material hereto, a resident of the United States of America and the State of Colorado.

3. Mr. Lantz was employed by G&S from the early 2000s to about October 2012 and again from approximately August or September 2013 to May 16, 2018.

4. Mr. Lantz's signed Fair Labor Standards Act ("FLSA") Consent to Sue Form is attached to this Complaint as Plaintiff's Exhibit 1.

5. Mr. Lantz was an individual engaged in interstate commerce for purposes of the FLSA's wage provisions.

6. Specifically, Mr. Lantz answered the phones at G&S and routinely took calls from individuals in neighboring states who were interested in pawning items at the shop.

7. Mr. Lantz routinely (many times per month) conducted pawn transactions with individuals from other states. G&S had many customers from Nebraska and many customers who were passing through Colorado attempting to get across the country and would pawn things along the way to finance their trips.

8. Mr. Lantz is disabled within the meaning of the Colorado Anti-Discrimination Act ("CADA)", C.R.S. § 24-34-301(2.5), in that he has an organic brain disorder that, among other things, limits his major life activities such as learning and reading and affects his major bodily functions such as neurological and brain functions.

9. Defendant G&S is a Colorado Limited Liability Company registered to do business in Colorado, with a place of business at 705 W. Main Street, Sterling, CO 80751.

10. Defendant G&S is a covered employer within the meaning of the FLSA, the Colorado Wage Claim Act ("CWCA"), and the Colorado Anti-Discrimination Act ("CADA").

11. Defendant Marquardt is, and was at all times material hereto, a resident of the United States of America and the State of Colorado.

12. Defendant Marquardt is the owner of G&S and at all times directed Mr. Lantz's work.

13. Defendant Marquardt is a covered employer within the meaning of the FLSA.

## JURISDICTION and VENUE

14. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this case arises under the laws of the United States, specifically the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*

15. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1), because all Defendants reside in the District of Colorado.

16. Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2), because all the events giving rise to the claims occurred in the District of Colorado.

17. Plaintiff requests that this Court exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over his claims under the Colorado Wage Claim Act, the Colorado Minimum Wages of Workers Act, and the Colorado Minimum Wage Order.

## ADMINISTRATIVE EXHAUSTION

18. Mr. Lantz timely filed a Charge of Discrimination with the Colorado Civil Rights Division ("CCRD"), Charge No. CE2019611283, on September 18, 2018, related to the disability discrimination Mr. Lantz endured during his employment.

19. Once Mr. Lantz receives his Notice of Right to Sue from the CCRD, he will have exhausted his disability discrimination claims against G&S under CADA, C.R.S. § 23-34-401 *et seq*. Plaintiff will amend his Complaint to add claims under CADA after receipt of the Notice of Right to Sue.

## GENERAL ALLEGATIONS

20. In the early 2000s, Mr. Lantz began working at G&S Sales & Pawn, LLC.

21. Mr. Lantz originally worked part time, but around 2010 he began to work a regular full-time schedule.

22. In about October of 2012, after Mr. Lantz missed work due to his wife's health, Defendant Marquardt terminated him.

23. Mr. Lantz returned to work at G&S in about August or September of 2013 after Defendant Marquardt called and asked him to return.

24. At all times during his employment with G&S, its owner Sharon Marquardt directed Mr. Lantz's work.

25. Mr. Lantz has an organic brain disorder and is unable to read or write. His IQ is below 75.

26. Defendants G&S and Marquardt were aware of Mr. Lantz's resultant limitations.  For example, Marquardt knew Mr. Lantz could not read or write and that his disability makes him inclined to do what others ask of him.

27. G&S and Marquardt knew that Mr. Lantz has a disability within the meaning of CADA.

28. G&S and Marquardt intentionally took advantage of Mr. Lantz's disability to coerce him to work without sufficient pay.

29. Mr. Lantz's work included cleaning, assisting with sales and pawns, periodic repairs and maintenance, and other tasks assigned by Defendant Marquardt.

30. At all times when he was employed full time, Mr. Lantz worked at least five days per week (Monday through Friday) and at least eight hours per day.  He also frequently stayed late, sometimes working more than eight or even more than twelve hours per day, and frequently came in on the weekends when Defendant Marquardt chose to open the store.  Therefore, he frequently worked more than forty hours per week.

31. From about 2010 until he stopped work in 2012, Defendants G&S and Marquardt typically paid Mr. Lantz $65 *per month* in the form of a check, regardless of his hours worked.

32. For the period beginning with his reemployment in 2013, G&S and Marquardt did not pay Mr. Lantz a regular paycheck.

33. Instead, Defendant Marquardt typically handed Mr. Lantz a $20 bill for each day worked, regardless of hours.

34. These payments were far below minimum wage and never included any overtime premiums.

35. In a submission to the Colorado Civil Rights Division, Marquardt admitted that she only paid Mr. Lantz $20 per day.

36. Beginning with his reemployment in 2013, Mr. Lantz repeatedly asked to be paid a paycheck and to be paid at least minimum wage. Marquardt repeatedly promised him she would do these things, but never did.

37. At all times throughout his full-time employment, Mr. Lantz's only additional days off each year were Thanksgiving, the day after Thanksgiving, Christmas Eve, Christmas, New Year's Eve, and New Year's Day.

38. Mr. Lantz also performed many tasks for Defendant Marquardt and her family outside his hours of work at the pawn shop. Mr. Lantz was not paid any additional compensation for these tasks.

39. For example, in the winter, Mr. Lantz frequently came to the shop more than an hour early to shovel snow.

40. Mr. Lantz often drove Marquardt family members long distances in his personal vehicle.

41. Mr. Lantz assisted Marquardt family members with tasks such as moving and home repairs.

42. Mr. Lantz believed that Defendant Marquardt was his friend and that friends should help each other when asked.

43. In a submission to the Colorado Civil Rights Division, Defendant Marquardt stated that she employed Mr. Lantz for over a decade because he was "such a nuisance that I thought better to use [him] in [a] limited position than deal with him interfering" with her business.

6

44. Throughout Mr. Lantz's employment, Defendant Marquardt made derogatory comments to him about his inability to read and write and his mental abilities.

45. For example, Marquardt would scream at Mr. Lantz that he and his family were worthless and were attempting to steal from her, would insinuate that his memories could not be accurate because someone who was unable to read could not possibly be smart enough to remember events, would become irritated and ask why he could not perform tasks that were difficult due to his disability, and other such conduct.

46. Defendant Marquardt also told Mr. Lantz that he was not "worth" any more pay than what she gave him.

47. On or about May 16, 2018, Defendant Marquardt terminated Mr. Lantz's employment for a final time.

48. Marquardt told Mr. Lantz that she no longer needed his services and that he should go home.

49. Mr. Lantz asked if he could enter the store to retrieve his personal possessions, including bicycles worth about $600-$700 and tools worth about $1000, but Marquardt did not allow him to do so.

50. Within the months leading up to his termination, in addition to his requests for pay, Mr. Lantz had asked Defendant Marquardt for assistance reading pawn tags, or to follow a system of putting numbered locations on pawn tags and locating the items correctly so that Mr. Lantz could find them by number without needing to read. She became angry and refused to assist him.

51. Defendants G&S and Marquardt terminated Mr. Lantz in retaliation for his repeated requests to be paid correctly and for his requests for a reasonable accommodation of his disability.

**FIRST CLAIM FOR RELIEF**
**Breach of the Fair Labor Standards Act ("FLSA")**
**29 U.S.C. §§ 201 *et seq*.**
**(Against Defendants G&S and Marquardt)**

52. Plaintiff incorporates by reference and adopts all subsequent and foregoing paragraphs, as if set forth herein.

53. Defendants G&S and Marquardt are employers, and Plaintiff was an employee, within the meaning of the FLSA.

54. At all relevant times, by working for Defendants, Plaintiff engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce.

55. Defendants G&S and Marquardt failed to pay Plaintiff all wages owed to him, including minimum wage and overtime.

56. The failure to pay minimum wage was willful pursuant to 29 U.S.C. § 255(a) because Defendants knew or showed reckless disregard for the fact that Plaintiff performed work for them as an employee and was entitled to minimum wage.

57. The failure to pay overtime was willful pursuant to 29 U.S.C. § 255(a) because Defendants knew or showed reckless disregard for the fact Plaintiff was a non-exempt employee covered by the FLSA and therefore entitled to overtime.

58. Plaintiff is therefore entitled to the following pursuant to 29 U.S.C. § 216: unpaid minimum wage and overtime, statutory liquidated damages, reasonable attorney's fees, and costs.

## SECOND CLAIM FOR RELIEF
**Failure to Pay Wages Pursuant to the Colorado Wage Claim Act ("CWCA"), Colorado Minimum Wages of Workers Act ("CMWWA"), and Colorado Minimum Wage Order ("CMWO")**
**C.R.S. §§ 8-4-109 & 8-6-118; 7 CCR 1103-1**
**(Against Defendant G&S)**

59. Plaintiff incorporates by reference and adopts all subsequent and foregoing paragraphs, as if set forth herein.

60. Defendant was Plaintiff's "employer" as that term is defined by the CWCA, CMWWA and CMWO because it employed Plaintiff in Colorado.

61. Plaintiff was Defendant's employee as that term is defined by the CWCA, CMWWA and CMWO because he performed work for the benefit of Defendant in which Defendant commanded when, where, and how much labor or services would be performed.

62. Plaintiff no longer works for Defendant.

63. Plaintiff is entitled to recover in this civil action the unpaid balance of the full amount of wages his is owed, together with penalties and reasonable attorney's fees and court costs.  C.R.S. §§ 8-4-109, 8-4-110, 8-6-118; 7 C.C.R 1103-1(18).

64. Plaintiff sent a written wage demand for unpaid wages to Defendant G&S on December 26, 2018.  As of the date of the filing of this Complaint, Defendant has not responded to Plaintiff's wage demand. C.R.S. § 8-4-109(3).  Plaintiff is entitled to statutory penalties.

## THIRD CLAIM FOR RELIEF
**Quantum Meruit**
**(Against Defendants G&S and Marquardt)**

65. Plaintiff incorporates by reference and adopts all subsequent and foregoing paragraphs, as if set forth herein.

66. By employing Plaintiff full-time without compensating him for the value of his work, Defendants received a benefit at his expense under circumstances that would make it unjust for Defendant to retain the benefit without paying for it.

67. Plaintiff is entitled to recover the value of the services he provided to Defendants, together with attorney fees and costs.

### FOURTH CLAIM FOR RELIEF
**FLSA and CWCA Retaliation**
**29 U.S.C. § 215(a)(3) & C.R.S. § 8-4-120**
**(FLSA Against G&S and Marquardt; CWCA Against G&S)**

68. Plaintiff incorporates by reference and adopts all subsequent and foregoing paragraphs, as if set forth herein.

69. Defendants G&S and Marquardt are employers, and Plaintiff was an employee, within the meaning of the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3).

70. Defendant G&S is an employer, and Plaintiff was an employee, within the meaning of the CWCA.

71. Plaintiff complained about Defendants' failure to pay him minimum wage.

72. Defendants retaliated against Plaintiff for his protected complaints by terminating hm.

73. Defendants' retaliatory actions were willful pursuant to 29 U.S.C. § 255(a) and the CWCA because Defendants knew or showed reckless disregard for the fact Plaintiff was entitled to speak up about his lost pay without losing his job as a result.

74. Plaintiff is therefore entitled to the following pursuant to 29 U.S.C. § 216 and the CWCA: unpaid minimum wage and overtime, statutory liquidated damages and

penalties, damages for mental and emotional distress, reasonable attorney's fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court grant the following relief:

A. Unpaid wages and liquidated damages pursuant to the FLSA;

B. Unpaid wages and penalties pursuant to the Colorado Wage Laws;

C. The value of the benefit Plaintiff conferred upon Defendants through his work;

D. Damages for emotional distress and punitive and compensatory damages;

E. Reasonable attorneys' fees and costs of this action;

F. Injunctive relief prohibiting Defendant from future discriminatory and illegal practices as described herein and requiring Defendant to adopt policies and procedures to eradicate the effects of past discriminatory and illegal practices; and

G. Pre- and post-judgment interest, costs, expert witness fees, and such other and further relief as this Court deems proper.

## JURY TRIAL DEMAND

The plaintiff hereby requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this 10th of January, 2019.

                                          **LOWREY PARADY, LLC**

                                          */s/ Sarah Parady*
                                          Sarah J. Parady
                                          1725 High Street, Suite 1
                                          Denver, CO 80218
                                          Phone: 303-593-2595
                                          Fax: 303-502-9119
                                          Email: Sarah@lowrey-parady.com
                                          *Attorney for Plaintiff*

Plaintiff's Address:
14590 County Road 39, Sterling, CO 80751